# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

BANKNORTH, N.A.                                   )
      Plaintiff,                            )
                                                  )
v.                                                )    C.A. No. **04 10995 MLW**
                                                  )
M/V CHRIS ANTHONY (O.N. 626813)                   )
    her engines, boilers, tackle              )    RECEIPT # 56009
    and appurtenances, including but not      )    AMOUNT $150
    limited to her federal                    )    SUMMONS ISSUED yes
    fishing permits and history, *in rem*, and )   LOCAL RULE 4.1
                                                  )    WAIVER FORM
                                                  )    MCF ISSUED
ROLAND W. JANVRIN, *in personam*                  )    BY DPTY. CLK. T.O.M
    Defendants.    MAGISTRATE JUDGE Bowler    )    DATE 5/18/04

## VERIFIED COMPLAINT TO FORECLOSE PREFERRED SHIP MORTGAGE

Plaintiff, Banknorth, N.A., by way of Verified Complaint against the Defendant, says:

### Jurisdiction and Venue

1.    Plaintiff brings this suit against the Defendant vessel under the provisions of 28 U.S.C. s.1333 as this is an admiralty claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Supplemental Rule C and D, Federal Rules of Civil Procedure.

2.    Venue lies within this District under the provisions of 28 U.S.C. s.1391.

### Statement of the Claim

3.    Plaintiff, Banknorth, N.A. is a national bank existing under the laws of the United States of America with a principal place of business at Two Portland Square, Portland, Maine.

4.    At all times hereinafter noted, the Defendant M/V CHRIS ANTHONY is a fishing vessel U.S. Registry, Official Number 626813, which is upon information and belief now within this district.

5.    The Defendant is Roland W. Janvrin who resides at 12 ½ Fair Street, Newburyport, Massachusetts.

6.    On or about May 16, 1999, Roland W. Janvrin executed a Preferred Mortgage of a Vessel for the M/V CHRIS ANTHONY (O.N. 626813) in the principal amount of Thirty Six Thousand One Hundred Sixty Eight and 88/100 Dollars ($36,168.88) as security for a Note. See Exhibit "A" and "B" attached hereto.

7.    The Holder of the Note and Mortgagee of that mortgage was First & Ocean National Bank of 51 State Street, Newburyport, Massachusetts. The Plaintiff, Banknorth, N.A. is the successor-in-interest to First and Ocean National Bank as of December 31, 2003. See Exhibit "C" attached hereto.

8.    On March 24, 1999, at 10:19 a.m., the March 16, 1999 Preferred Mortgage of Vessel was duly recorded at the National Vessel Documentation Center at Book 99-35 Page 9, in accordance with the Ship Mortgage Act of 1920, 46 U.S.C. §31321, *et seq.*, as amended. All of the acts and things required to be done by said Act in order to give said Mortgage the status of a Preferred Ship Mortgage were duly done or caused to be done by either First & Ocean National Bank, or by the Documentation Officer at the National Vessel Documentation Center in Falling Waters, West Virginia.

9.    The M/V CHRIS ANTHONY (O.N. 626813) and her owner Roland W. Janvrin have failed to make the interest and principal payments as due and owing, and are in default under the terms and conditions of said Note and Preferred Mortgage of Vessel. By reason of said default, Banknorth, N.A. has under the terms of said Note and Preferred Mortgage of Vessel elected to declare due and payable immediately the entire indebtedness secured by said Preferred Mortgage of Vessel and has made such declaration of demand upon Roland W. Janvrin. Defendant has failed to perform in accordance with said demand and remain in default. There is now due and unpaid on said Note and Preferred Mortgage of Vessel as of April 16, 2004, the principal sum of

Twenty One Thousand Seven Hundred Sixty Four and 40/100 Dollars ($21,764.40), and accrued

interest in the amount of One Thousand Seventy Three and 29/100 Dollars ($1,073.29) for a total

amount of Twenty Two Thousand Eight Hundred Thirty Seven and 69/100 Dollars ($22,837.69),

together with accrued interest at the per diem rate of Five and 96/100 Dollars ($5.96), plus costs,

expenses, and attorneys' fees.

10.    Pursuant to the terms of the Preferred Vessel Mortgage, the plaintiff is entitled to take

possess of the M/V CHRIS ANTHONY (O.N. 626813) through an *in rem* action.

11.    Despite repeated demand, the defendant has refused to deliver possession of said vessel

and/or equipment to the plaintiff or satisfy the outstanding balance on the mortgage.

**Prayers for Relief**

WHERFORE, Plaintiff prays:

1.    That a warrant for the arrest of the M/V CHRIS ANTHONY (O.N. 626813), her engines,

boilers, tackle, appurtenances, furniture, gear, fishing history etc., and that all persons claiming

any right, title, or interest then be cited to appear and answer under oath the all and singular

matters aforesaid and that the M/V CHRIS ANTHONY (O.N. 626813), her engines, boilers,

tackle, appurtenances, furniture, gear, fishing history etc. may be condemned and sold to pay the

demands aforesaid, with interest and costs, and to pay and all other amounts required to be paid

by Defendant to Plaintiff under the terms of the Preferred Mortgage of Vessel with interest and

costs, and that Plaintiff may have such other and further relief as the court deems just and

equitable;

2.    That the Preferred Mortgage of Vessel dated March 16, 1999, executed and delivered by

Roland W. Janvrin, the Mortgagor herein, be declared to be a valid and existing lien upon the

M/V CHIS ANTHONY (O.N.626813) her engines, boilers, tackle, appurtenances, furniture,

3

gear, fishing history etc. in the preferred position described therein and thereby conveyed and

transferred, prior and superior to the interest, liens or claims of any and all persons, firms or

corporations whatsoever, except such persons, firms or corporations as may hold preferred

maritime liens on said vessel.

3.      That Judgment be entered in favor of the Plaintiff and against the Defendant, Roland W.

Janvrin, for the amount of the Plaintiff's damages, together with interest, costs, and if allowed,

attorneys fees.

## VERIFICATION

I, Nicholas H. Penfield, Vice President of Banknorth, N.A., being duly sworn depose and say:

I have read the foregoing complaint and know the contents thereof and the same is true of my

own knowledge except as the matters stated upon information and belief and as to those matters I

believe them to be true.


Banknorth, N.A.
By its Vice President, Nicholas H. Penfield

### STATE OF MAINE

County of CUMBERLAND

Personally appeared before me the above-named Nicholas H. Penfield known to me to be
the person who signed the foregoing verification and who, having been duly sworn by me stated
that he read the contents of the foregoing complaint and that the same is true to the best of his
personal knowledge except where stated upon information and belief in which case he believes it
to be true.


Notary Public
My commission expires:

RACHEL WIMERT
Notary Public, Maine
My Commission Expires November 19, 2010

4

Respectfully submitted,
**Banknorth, N.A.**
By his attorney

Stephen M. Ouellette, Esquire
BBO No.: 543752
David S. Smith, Esquire
BBO No.: 634865
Cianciulli and Ouellette
163 Cabot Street
Beverly, MA 01915
Tel:  (978) 922-9933
Fax:  (978) 922-6142

Dated: May 14, 2004

# PREFERRED MORTGAGE OF VESSEL
## TO ALL WHOM THESE PRESENTS SHALL COME, GREETINGS

Parties:

### ROLAND W. JANVRIN, 18 FAIR STREET NEWBURYPORT MA

Owning the boat as **an individual**

hereinafter referred to as Mortgagor(s), and sole owner(s) of the vessel herein described

Name: **CHRIS ANTHONY**          Hull ID#          C.G. ID **626813**

being justly indebted to: **FIRST & OCEAN NATIONAL BANK**
          of: **51 STATE STREET, NEWBURYPORT, MA 01950**

hereinafter referred to as the Mortgagee

in the sum of: $36,168.88 plus interest as it accrues and performance of mortgage covenants

upon a certain          **VARIABLE/SIMPLE INTEREST NOTE, DISCLOSURE, & SEC. AGREE.**
dated MARCH 16, 1999          the total amount of which is: $36,168.88

plus interest as it accrues and performance of mortgage covenants

has for the purposes of securing the payment of the said debt, and the interest thereon, granted, bargained, sold and mortgaged and by these presents does grant, bargain, sell and mortgage unto the Mortgagee, its successors, executors, administrators, and assigns, the whole of the said vessel free and clear of all liens, claims, mortgages, and encumbrances, together with all of the masts, bowsprit, boats, anchors, cables, chains, rigging, tackle, apparel, furniture, and all other necessaries thereunto appertaining and belonging. The vessel named in this mortgage is not a towboat, barge, scow, lighter car floater, canal boat, or tank vessel of less than twenty-five (25) gross tons. The vessel covered by this mortgage is documented or is to be documented under laws of the United States.

To have and to hold the said vessel and all the other before-mentioned appurtenances unto the said:
### FIRST & OCEAN NATIONAL BANK

and to its successors, executors, administrators, and assigns, to the sole and only proper use, benefit, and behoof of said:
### FIRST & OCEAN NATIONAL BANK

to its successors, executors, administrators, and assigns, forever:

PROVIDED ALWAYS, and the condition of these presents is such, that if the Mortgagor or said Mortgagor's executors, administrators, successors, or assigns, shall pay or cause to be paid to the Mortgagee, its successors, executors, administrators, or assigns, the debt aforesaid, with the interest thereon, at the time or times and in the manner following, to wit:

UPON A CERTAIN          **VARIABLE/SIMPLE INTEREST NOTE, DISCLOSURE, & SEC. AGREE.**
DATED: MARCH 16, 1999

Then these presents shall be void and of no effect, subject, however, to the provisions hereinafter contained, and the Mortgagor hereby agrees to pay the debt aforesaid, and the interest thereon, and to fulfill and perform each and every one of the covenants and conditions herein contained.

NATIONAL VESSEL DOCUMENTATION CENTER
USCG
RECEIVED / FILED

2 4 MAR '99          1 0 : 1 9 AM

PREFERRED MORTGAGE OF VESSEL          RECORDED: BOOK 99-35 PAGE 9          PAGE 1 OF 3

DOCUMENTATION OFFICER

Exhibit "A"

AND THE SAID Mortgagor does further covenant and agree, to and with the Mortgagee, its successors, executors, administrators and assigns, that said Mortgagor immediately procure said vessel to be insured against loss or damage by fire, and against all marine risks and disasters, in some good and responsible insurance company or companies, to be selected and approved by the Mortgagee, for an amount at least equal to the amount which shall from time to time remain unpaid upon the said indebtedness and interest thereon, and that said Mortgagor will keep such policy or policies renewed from time to time. and keep the same valid at all times for the amount aforesaid; that said Mortgagor will do, suffer, or permit to be done, no act whereby said insurance would be liable to be vitiated or forfeited, and the said Mortgagor will immediately assign and deliver to said Mortgagee said policy or policies of insurance, having first duly obtained the proper consent of the insurance company or companies to such assignment, and that said Mortgagor will also promptly deliver to the Mortgagee the renewal certificates of said policies as a collateral security for the payment of said indebtedness. And if said Mortgagor shall fail to immediately procure, assign and deliver such policy or policies as aforesaid, or shall at any time fail to immediately renew the same, and deliver the renewal certificates as aforesaid. the Mortgagee, its successors, executors, administrators or assigns, is hereby authorized to procure said vessel to be insured as aforesaid. and to keep the policy or policies renewed; and the amount which it has to pay therefore shall be considered, and is hereby declared to be, an additional indebtedness hereby intended to be secured, and shall be repaid to said Mortgagee, its successors, executors, administrators, or assigns, on demand, and shall bear interest at the rate of said instrument form time to time such payment until repaid.

But if default be made in such payments, or in any one of such payments, or if default be made in the prompt and faithful performance of any of the covenants herein contained, or if the Mortgagee shall at any time deem itself in danger of losing said debt, or any part thereof, by delaying the collection thereof until the expiration of the time above limited for the payment thereof, or if said Mortgagor shall sell or attempt to sell said property, or any part thereof. or if the same shall be levied upon or taken by virtue of any attachment or execution against said Mortgagor, or if said Mortgagor shall remove, or attempt to remove, said vessel beyond the limits of the United States, or if said Mortgagor shall suffer and permit said vessel to be run in debt to an amount exceeding in the aggregate the sum of: (at the option of both parties) dollars, or if said Mortgagor shall negligently or willfully permit said property to waste, or be damaged or destroyed, the Mortgagee may

(a) retake the Vessel with or without legal process wherever the same may be found, and the Mortgagor or other person in possession forthwith shall upon demand of the Mortgagee shall surrender to the Mortgagee possession of the Vessel, and, the Mortgagee may hold, lay-up, lease charter (if authorized to do so by the Vessel's Certificate of Documentation), operate, or otherwise use the Vessel for such time and upon such terms as it may deem to be for its best advantage, accounting for the net profits, if any, arising from such use of the Vessel as set forth below; and if at any time the Mortgagee shall avail themselves of the right herein given it to retake the Vessel and shall retake it, the Mortgagee shall have the right to dock the Vessel for reasonable time at any dock, pier or other premises of the Mortgagor without charge, or to dock it at any other place at the cost and expense of the Mortgagor.

(b) The Mortgagee may foreclose this Mortgage pursuant to the terms and provisions of Chapter 313 of Title 46, United States Code, as amended, or by other judicial process as may be provided in the Statutes.

(c) The Mortgagee may sell the Vessel upon such terms and conditions as it may deem to be for its best advantage. including the right to sell and dispose of the Vessel free from any claim of or by the Mortgagor, at public sale, after first giving notice of the time and place of sale, with a general description of the property, by publishing notice of any such sale as provided in the Federal Rules of Civil Procedure and the practice of the United States District Court having jurisdiction over the vessel or where the vessel is seized, and by mailing notice of such sale to the Mortgagor at the last known address of the Mortgagor, and the Mortgagee may become the purchaser at any such sale.

The proceeds of any sale of the Vessel (after paying or deducting in the case of sale under any judicial proceeding the fees, costs and other charges therein), and the net earnings from any management, charter or other use of the Vessel by Mortgagee under any of the power above specified, and the proceeds of any claim for damages on account of the Vessel received by the Mortgagee while exercising any such power, and the proceeds of any insurance on the Vessel concerned (subject to the provisions of this agreement) shall be applied as follows:

PREFERRED MORTGAGE OF VESSEL

*Exhibit "A"*

FIRST: To the payment of all expenses and charges including the expense of any sale, counsel fees, the expenses of any taking possession of the Vessel and any other expenses or advances made or incurred by Mortgagee in the protection of its rights or in the pursuance of its remedies hereunder and to the payment of any damages sustained by Mortgagee from the default or defaults of Mortgagor, and at the option of Mortgagee to provide a fund to furnish suitable indemnity against liens claiming priority over this Mortgage;

SECOND: To the payment of the obligation, and of all other sums secured hereby, with interest to the date of such payment;

THIRD: Any surplus then remaining shall belong and be paid or returned to Mortgagor, and the heirs, executors, administrators, successors or assigns of Mortgagor, or to whomever shall be lawfully entitled to receive the same.

In the event that the proceeds are insufficient to pay the amount specified in paragraphs First and Second above, Mortgagor shall forthwith pay any balance remaining unpaid to Mortgagee, and deficiency may be entered as a judgment against Mortgagor in any court of competent jurisdiction.

AND IT IS HEREBY PROVIDED, that it shall be lawful for the Mortgagor, said Mortgagor's executors, administrators, successors, or assigns, to retain possession of the property hereby mortgaged, and at said Mortgagor's own expense to use and enjoy the same until said indebtedness shall become due, unless said Mortgagee should at any earlier date declare this mortgage forfeited for nonperformance of any of the covenants herein contained, or by virtue of any authority hereby conferred on said Mortgagee.

IN TESTIMONY WHEREOF, I/ WE have hereunto set my/ our hand and seal this _16th_ day of _march_ , in the year _1999_

_____
ROLAND W. JANVRIN

**Acknowledgement**

State of: _Massachusetts_                        City/ County of: _Essex_

On this _16th_ day of _March_ , _1999_ before me, _Louise Lingeman_
                                                   (Print, Type, or Stamp Commissioned Name of Notary Public)

a notary public for the above jurisdiction, personally appeared:
ROLAND W. JANVRIN

personally known to me, or satisfactorily proven by the following identification:
                                                   _____
                                                   (Type of identification)

to be the person(s) whose name(s) is/are subscribed to the above Document, who, being first duly sworn, took oath in due form of law and acknowledged that he/she/they executed the same for the purposes therein contained.

(Notary Seal)                          _____
                                       Notary Public
                                       My commission expires: _1/07/04_

Exhibit "A"

FIRST & OCEAN NATIONAL BANK
51 STATE ST. PO BOX 151
NEWBURYPORT, MA 01950

LENDER'S NAME AND ADDRESS
"You" means the Lender, its successors and assigns

ROLAND W JANVRIN
67 FRIEND STREET #A
AMESBURY, MA   01913
BORROWER'S NAME AND ADDRESS
"I" includes each Borrower above, jointly and severally.

Loan Number  01100101469
Date  02/01/01
Maturity Date  02/05/07
Loan Amount $  30519.95
Renewal Of

TERMS FOLLOWING A ☐ APPLY ONLY IF CHECKED

NOTE — For value received, I promise to pay to you, or your order, at your address shown, the principal sum of
***THIRTY THOUSAND FIVE HUNDRED NINETEEN AND 95/100***  Dollars $  30,519.95
plus interest from 02/01/01 ... at the rate of 10.000% per year until 02/05/07

THE PURPOSE OF THIS LOAN IS — REWRITE F&O LOAN

#10085828

1980 31' JC BOAT #626813

| ANNUAL PERCENTAGE RATE The cost of my credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost me. | AMOUNT FINANCED The amount of credit provided to me or on my behalf. | TOTAL OF PAYMENTS The amount I will have paid when I have made all scheduled payments. |
|---|---|---|---|
| 10.037 % | $ 10,262.21 | $ 30,480.95 | $ 40,743.16 |

My Payment Schedule is:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 71 | $ 565.88 | Monthly beginning 03/05/01 |
| 1 | $ 565.65 | Final payment due 02/05/07 |

Security — I am giving a security interest in:
1980 31' JC BOAT #626813

CREDIT INSURANCE — YOU CANNOT BE DENIED CREDIT SIMPLY BECAUSE YOU CHOOSE NOT TO BUY CREDIT INSURANCE. CREDIT LIFE INSURANCE AND CREDIT ACCIDENT AND HEALTH INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT. INSURANCE WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE ADDITIONAL CHARGE.

ITEMIZATION OF AMOUNT FINANCED

| | |
|---|---|
| AMOUNT GIVEN TO ME DIRECTLY | $ 5,000.00 |
| TO RUN ON MY (LOAN) ACCOUNT | $ 25,241.95 |
| TO LENDER | $ 39.00 |
| AMOUNTS PAID TO OTHERS ON MY BEHALF: | |
| to Insurance Companies | $ 0.00 |
| to Public Officials | $ 236.00 |
| | $ 0.00 |
| | $ 0.00 |
| (less) PREPAID FINANCE CHARGE(S) | $ 39.00 |
| Amount Financed | $ 30,480.95 |

SIGNATURES — I AGREE TO THE TERMS SET OUT ON PAGE 1 AND PAGE 2 OF THIS AGREEMENT. I HAVE RECEIVED A COPY OF THIS DOCUMENT ON TODAY'S DATE.

Signature  ROLAND W JANVRIN

CONSUMER LOAN - NOT FOR BUSINESS/AGRICULTURAL CREDIT

Exhibit "B"

ADDITIONAL TERMS OF THE NOTE

DEFINITIONS - "I," "me" or "my" means each Borrower who signs this note...

APPLICABLE LAW - This note and any agreement securing this note will be governed by the laws of the state of Massachusetts...

PAYMENTS - Each payment I make on this note...

PREPAYMENT - I may prepay this loan in whole or in part at any time...

INTEREST - Interest accrues on the principal remaining unpaid from time to time...

INDEX - If you and I have agreed that the interest rate on this note will be variable...

ACCRUAL METHOD - The amount of interest that I will pay on this loan will be calculated...

COLLECTION COSTS - If permitted by law...

POST-MATURITY INTEREST - Interest will accrue on the principal balance remaining unpaid after maturity...

REAL ESTATE OR RESIDENCE SECURITY...

DEFAULT...

REMEDIES...

COSTS OF COLLECTION AND ATTORNEYS' FEES...

OTHER SECURITY...

OBLIGATIONS INDEPENDENT...

WAIVER...

PRIVACY...

FINANCIAL STATEMENTS...

PURCHASE MONEY LOAN...

ADDITIONAL TERMS OF THE SECURITY AGREEMENT

SECURED OBLIGATIONS...

PROPERTY...

OWNERSHIP AND DUTIES TOWARD PROPERTY...

INSURANCE...

DEFAULT AND REMEDIES...

THIRD PARTY AGREEMENT

NAME _____

NOTICE TO COSIGNER

*Exhibit "B"*

BANKNORTH, N.A.

## CERTIFICATE OF ASSISTANT CORPORATE SECRETARY

I, Lydia B. McIlwain, Assistant Corporate Secretary of Banknorth, N.A., a national bank, hereby certify that on December 31, 2003, First & Ocean National Bank merged with and into Banknorth, N.A., resulting in Banknorth, N.A.

Dated this 28th day of January, 2004.

seal

_Lydia B. McIlwain_
Lydia B. McIlwain
Assistant Corporate Secretary

STATE OF MAINE
Cumberland County

January 28, 2004

Personally appeared before me, Lydia B. McIlwain, Assistant Corporate Secretary of Banknorth, N.A., who made oath that the foregoing Certificate by her subscribed is true.

_Stacee L. Bisson_
Notary Public
My Commission Expires: 9/03/09

Exhibit "C"

Comptroller of the Currency
Administrator of National Banks

Northeastern District Office                                      Licensing Division
1114 Avenue of the Americas, Suite 3900          Telephone No.: 212.790.4055
New York, N.Y. 10036                                          Fax No.: 212.790.4098

December 22, 2003

Ms. Patricia J. Wheeler
Vice President & Senior Attorney
Banknorth Group, Inc.
Two Portland Square
P.O. Box 9540
Portland, ME 04112-9540

Re:   Control No.: 2002 NE 02 038

Dear Ms. Wheeler:

This letter is the official certification of the Comptroller of the Currency (OCC) to merge First and
Ocean National Bank, Seabrook, New Hampshire with and into Banknorth, National Association,
Portland, Maine, under the charter and title of the latter, effective at 11:59 p.m. on December 31,
2003. The resulting bank title is Banknorth, National Association, charter number 24096.

This is also the official authorization given to Banknorth, National Association to operate the
branches of the target institution and the main office of the target institution as a branch. The newly
authorized branch and its assigned OCC branch number is listed below. Branches of a national bank
target are not listed since they are automatically carried over to the resulting bank and retain their
current OCC branch numbers.

**F & O Main Office**                                    **332 Lafayette Road**
**Branch # 126208A**                                  **Seabrook, NH 03874**

If the combination does not occur as represented in your letter of December 18, 2003, this
certification must be returned to the OCC.

Sincerely,

Anthony P. Dossantos
Licensing Manager                                        **OCC SEAL**

Exhibit "C"